UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **IVAN VALDES LOPEZ ET AL** | **CASE NO.  2:19-CV-00969** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **OLD COLONY INSURANCE SERVICES INC ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 52] filed by defendants Auto-Owners Insurance Company and Hord Trucking, Inc., seeking to limit evidence and testimony relating to causation for the car accident giving rise to this matter. Plaintiffs oppose the motion. Doc. 55.

### I.
### BACKGROUND

This suit arises from a traffic accident that occurred on October 16, 2018, on Interstate 10 in Calcasieu Parish, Louisiana. Doc. 1, att. 1. On that date, plaintiffs allege, they were traveling down the road with their minor child when they were rear-ended by an 18-wheeler driven by Raymond Moore, in the course and scope of his employment for Hord Trucking. Officer Christopher Castro of the Louisiana State Police was then called to the scene to investigate the accident. He allegedly authored a report and issued a citation to Moore for following too closely.[1] *See* doc. 52, att. 1. Plaintiffs filed suit in the Fourteenth

---

[1] Neither party has introduced a copy of the citation

Judicial District Court, Calcasieu Parish, Louisiana, against Moore, Hord Trucking, and their insurer, raising claims under state law.[2] Doc. 1, att. 1. Defendants then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

Defendants now move to exclude (1) lay testimony from Officer Castro on cause of the accident and liability, (2) any portion of the accident report relating to causation, and (3) evidence or testimony relating to the citation. Doc. 52. Plaintiffs oppose the motion. Doc. 55.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc.*

---

[2] The claims against Moore were subsequently dismissed under Local Rule 41.3 for failure to timely effect service. Doc. 12.

*v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

Defendants first argue that Officer Castro should be prohibited from offering testimony on the cause of the accident. Plaintiffs maintain that he should be allowed to testify as a fact witness to his observations, investigation, reasonable conclusions drawn therefrom, and statements taken from witnesses at the scene.

According to well-settled law in this circuit, an officer who arrives at the scene after the accident has occurred may only offer an opinion on causation if he is qualified as an expert under Federal Rule of Evidence 702. *E.g.*, *Collins v. Benton*, 2021 WL 5277149, at *4 (E.D. La. Nov. 12, 2021) (citing *Duhon v. Marceaux*, 33 F. App'x 703, 2002 WL 432383, at *4 (5th Cir. 2002)). The officer may, however, offer lay testimony on first-hand observations based on his investigation and experience. *Id.* at *5. Additionally, under Federal Rule of Evidence 801, an opposing party's statement may be exempt from the hearsay rule under certain circumstances. Defendants do not contest the officer's ability to offer such testimony and instead object only to the officer's ability to offer opinions on causation or liability. Accordingly, the motion will be granted in this regard.

Defendants next seek to exclude portions of the accident report relating to causation. "Accident reports are out-of-court statements offered for the truth of the matters asserted therein and therefore constitute hearsay under Federal Rule of Evidence 801(c)." *Meyer v. Jencks*, 513 F.Supp.3d 706, 708–09 (E.D. La. 2021) (cleaned up). While it may be admitted under the public records exception at Rule 803(8), "the Fifth Circuit has consistently excluded the portions of police reports that contained the officer's opinions and conclusions." *Id.* (quoting *Williams v. Gaitsch*, 2011 WL 13286179, at *2 (W.D. La. May 26, 2011)). The court agrees that any portion of the accident report referencing causation or other opinions of the officer must be excluded.

Finally, defendants ask the court to exclude any evidence or testimony relating to a citation issued to the defendant driver. Numerous district courts have held that evidence of a traffic citation is only admissible if the defendant pled guilty to that citation. *See Collins*, 2021 WL 5277149 at *6 (collecting cases). Payment of the fine, by itself, does not constitute an admission of guilt. *Dawson v. Carbollosa*, 2014 WL 7272768, at *3 (W.D. La. Dec. 18, 2014). Here there is no evidence that Moore pled guilty to the citation and so the motion will be granted in this regard.

## III.
### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion in Limine [doc. 52] be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on the 6th day of September, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE