UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **IVAN VALDES LOPEZ ET AL** | **CASE NO. 2:19-CV-00969** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **OLD COLONY INSURANCE SERVICES INC ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 53] filed by defendants Auto-Owners Insurance Company and Hord Trucking, Inc., seeking to exclude various categories of evidence and testimony. Plaintiffs oppose the motion. Doc. 56.

### I.
### BACKGROUND

This suit arises from a traffic accident that occurred on October 16, 2018, on Interstate 10 in Calcasieu Parish, Louisiana. Doc. 1, att. 1. On that date, plaintiffs allege, they were traveling down the road with their minor child when they were rear-ended by an 18-wheeler driven by Raymond Moore, in the course and scope of his employment for Hord Trucking. Officer Christopher Castro of the Louisiana State Police was then called to the scene to investigate the accident. He allegedly authored a report and issued a citation to Moore for following too closely.[1] *See* doc. 52, att. 1. Plaintiffs filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, against Moore, Hord Trucking, and

---

[1] Neither party has introduced a copy of the citation

their insurer, raising claims under state law.[2] Doc. 1, att. 1. Defendants then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

The matter is set for jury trial before the undersigned on October 16, 2023. Defendants move to exclude the following:

1. Argument or reference to relative financial positions of the parties
2. Lay testimony regarding the physical condition or work capacity of plaintiff Ivan Lopez
3. Evidence or testimony relating to defendants' payment of property damage concerning the vehicle plaintiffs were driving at the time of the accident
4. Evidence of plaintiffs' future damages, unless reduced to present value
5. Reference to punitive or exemplary damages
6. Evidence of any unrelated claims or lawsuits involving defendants
7. Any mention of the fact of settlement negotiations and/or their context
8. Any statements from plaintiffs about what they have been told by doctors or other medical witnesses about their physical or medical conditions
9. Any improper conscience of the community/Golden Rule arguments
10. Evidence regarding health problems or medical conditions plaintiffs may incur in the future
11. Any reference to prior motions or rulings regarding exclusions of evidence or testimony

---

[2] The claims against Moore were subsequently dismissed under Local Rule 41.3 for failure to timely effect service. Doc. 12.

12. Any reference to absent or probable witnesses

Doc. 53, att. 1. Plaintiffs stipulate to the requests at 4, 5, 6, 7, 11, and 12, but oppose the remainder.[3] Doc. 56.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can

---

[3] In the first pages of defendants' motion there are 13 topics, including at #8 "any mention Plaintiffs are under financial hardship." Doc. 53, att. 1, pp. 2–3. That topic, however, was omitted from the subsections in the Law & Argument section, resulting in a renumbering of the list from that point onward. *See id.* at 3–10. The court will make no ruling as to Topic 8 from the first list and instead use the numbering from the Law & Argument section.

be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

   B. **Application**

   1. **Relative financial positions of parties**

Request 1 relates to the financial condition of plaintiffs relative to that of the defendants. Plaintiffs object on the grounds that the request is vague and overbroad. They further argue that information regarding plaintiffs' financial condition is relevant to their claim of lost wages. Information regarding a defendant's financial position, however, is generally irrelevant unless punitive damages are at stake. *E.g.*, *Axiall Canada Inc. v. MECS Inc.*, 2023 WL 4846217, at *2 (W.D. La. July 12, 2023) (citing *Jackson v. Wilson Welding Serv., Inc.*, 2011 WL 5024360 (E.D. La. Oct. 20, 2011)). Accordingly, the motion will be **GRANTED** insofar as evidence or testimony relating to defendants' financial condition is excluded.

   2. **Lay and secondhand testimony regarding medical condition**

Under Topic 2, defendants seek to exclude lay testimony regarding plaintiff Ivan Lopez's medical condition and work capacity. Similarly, under Topic 8, they ask the court to bar "anything Plaintiffs have been told . . . by any doctor or other medical witness about his [sic] physical and medical condition except for such statements coming from the doctors themselves." Doc. 53, att. 1, p. 7. In support, defendants argue that lay testimony on these issues is improper and that any expert opinions must come from the experts

themselves. Plaintiffs maintain that Mr. Lopez can offer proper lay testimony on his own condition.

A lay witness may present "[l]ay testimony . . . to complement and corroborate medical evidence." *Baroccoco v. Ennis Inc.*, 100 F. App'x 965, 968 (5th Cir. 2004). Lay testimony on these issues is clearly admissible in some cases and it is impossible for the court to determine the exact contours until confronted with the testimony. *Accord Johnson v. Lopez-Garcia*, 2021 WL 3630109, at *2 (E.D. La. Aug. 17, 2021). This issue is therefore **DEFERRED**. Hearsay will not be admitted unless it meets one of the exceptions laid out in the Federal Rules of Evidence.

### 3. Property damage payment

Next, defendants seek to exclude any evidence or mention of the fact that they paid for property damage to plaintiffs' vehicle. Plaintiffs object to this request as overbroad, to the extent it limits their ability to present evidence on the scope and degree of damage to their vehicle and the severity of impact. In reply, defendants appear to indicate that their request relates only to the settlement of the claim and not to the damage itself.

Federal Rule of Evidence 408 provides:

> **(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> **(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> **(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

> **(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408. Any evidence of the settlement of the claim is thus barred by the plain terms of the rule, but for the exceptions under subsection (b). Accordingly, the motion is **GRANTED** in this regard as to evidence of any settlement with no bearing on plaintiffs' ability to present evidence on the actual damage to the vehicle.

### 4. Golden Rule and conscience of the community

Next, defendants seek an order barring any Golden Rule or conscience of the community arguments. Plaintiffs offer no opposition to the conscience of the community request and it is therefore **GRANTED**, as the Fifth Circuit has repeatedly emphasized that such arguments are improper. *E.g.*, *Guard Serv. Corp. v. Am. Employers' Ins. Co.*, 893 F.2d 725, 729 (5th Cir. 1990). They oppose the Golden Rule request, on the other hand, as overbroad. Golden Rule arguments—which ask the jury to put themselves in plaintiff's position and do unto him as they would have done unto them—are permitted on the issue of liability. *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (internal quotation omitted). The court will **DENY** the request as to Golden Rule arguments, having surmised from the parties' briefs on this issue that they understand the proper limits of argument.

### 5. Future health or medical problems

Finally, defendants seek an order excluding evidence or testimony on possible future health problems linked to this accident and specifically "testimony by Plaintiff suggesting he has fears or concerns about potential health problems or medical conditions which may arise in the future." Doc. 53, att. 1, p. 8. To this end they argue that plaintiffs have not provided expert opinions establishing causation for such issues. Plaintiffs maintain that the request is overly broad and that they should be allowed to present lay testimony, corroborated by opinions from their experts, regarding potential future injuries or treatment. Doc. 56, p. 8. Both the request and the response are too abstract for the court to make an informed determination on the issue. Accordingly, the motion is **DENIED** in this regard.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion in Limine [doc. 53] be **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED** in Chambers on the 6th day of September, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**